IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Glenda Artis-Williams<br>3202 Brendan Avenue<br>Baltimore, Maryland 21213 | * * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: |
| National Railroad Passenger Corporation<br>aka Amtrak<br>60 Massachusetts Avenue, NE<br>Washington, DC 20002 | * * * | |
| Defendant. | * | JURY TRIAL DEMAND |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW COMES, Glenda Artis-Williams, Plaintiff, (hereinafter "Plaintiff" or "Artis"), through counsel, Thomas B. Corbin, P.A. and complains against Defendant, National Railroad Passenger Corporation (hereinafter "Amtrak"), and in support thereof states the following:

**Jurisdiction and Venue**

1. This action arises under the provisions of the Title VII of the Civil Rights Act of 1964, (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Civil Rights Act of 1981, 42

U.S.C. § 1981, as hereinafter more fully appears. The subject matter jurisdiction of this Court is properly invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343, Venue is proper in this Court pursuant to 42 U.S.C. § 2000e. This Court has personal jurisdiction over the Defendant as a citizen of District of Columbia, or as a person who transacts business within the District of Columbia. The Court has supplemental jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1367.

### Nature of the Action

2. Plaintiff brings this action to secure protection of rights granted under the statutes mentioned above, to redress deprivation of rights thereunder, and to obtain such other relief as is necessary to redress the injury to Plaintiff resulting from Defendant's violation of those statutes.

3. Plaintiff's damages are significant, including, but not limited to, the loss of salary, reputation, career advantage, emotional tranquility and denial of her constitutional and statutory rights.

### Parties

4. Artis is an adult citizen of the United States and a citizen of the State of Maryland.

5. Defendant, Amtrak, operates a nationwide rail network, serving more than 500 destinations in 46 states on 21,000 miles of routes, with nearly 19,000 employees.

6. During all relevant times, Defendant employed Artis.

7. At all relevant times, Defendant was an "employer" as defined by 42 U.S.C. § 2000e(b), and employed the requisite number of employees.

**Administrative Procedure**

8. In January 2005, Artis filed a timely charge of discrimination with the Government of the District of Columbia, Office of Human Rights (OHR), alleging race and sex (gender and sexual harassment) discrimination, as well as, retaliation and constructive discharge.

9. A Notice of Right to Sue was issued on April 8, 2008, by the Washington Field Office of the Equal Employment Opportunity Commission (EEOC). *See* Exhibit A, attached.

10. Having met all procedural prerequisites set forth in § 706 of Title VII (42 U.S.C. § 2000e-5), Artis filed the instant lawsuit, within 90 days of her receipt of the Notice.

**Allegations Common to All Counts**

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 with the same effect as if herein fully set forth.

12. Artis is a Black female.

13. Defendant hired Artis in February 2000.

14. During all relevant times, Artis was employed as a police officer.

15. During all relevant times, Artis performed her work in a satisfactory manner.

16. Directly after her instatement and continuously thereafter, Artis was sexually harassed by her superiors and other employees of Defendant.

17. During one incident, while returning home on a train after her initial training in Georgia, and in a sleeping car, a supervisor disrobed, and told Artis he wanted to have sex with her.

18. Artis refused her superior's advances.

3

19. Artis was subjected to similar advances from other supervisors and employees through February 2004.

20. In fear of losing her job, Artis did not complain about the harassment until after her probationary year.

21. After complaining, Artis was accused of leading men on.

22. Between November 2001 and February 2004, Artis was harassed at work.

23. Artis continued to lodge follow-up complaints.

24. Overtime, Artis received several written reprimands and a suspension, while others were not disciplined for the same or similar discipline attributed to her.

25. The unabated harassment continued until Artis was compelled to involuntarily resign on February 17, 2004.

## COUNT I

**(Action under Title VII for Based Upon Sex Discrimination (Gender)**

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 with the same effect as if herein fully set forth.

27. Artis is a Black female.

28. Directly after her instatement and continuously thereafter, Artis was sexually harassed by her superiors and other Amtrak employees.

29. Artis was treated less favorably than the male employees outside of her protected class.

30. Defendant's unlawful employment practices were committed with deliberate indifference towards the well-being and rights of Plaintiff.

31. The unlawful employment practices complained of herein were done intentionally, with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT II

### (Action under Title VII Based On Sex Discrimination (Hostile Work Environment)

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 with the same effect as if herein fully set forth.

33. Artis is a Black female.

34. From November 2001 to February 2004, Artis was harassed at work.

35. The harassment often occurred in the presence of fellow officers.

36. One officer, a Caucasian female, would point her finger in Artis' face, and chastise Artis when giving directives.

37. On several occasions, Artis' superiors denied her sick and annual leave, compelled her to work overtime and denied her access to the Diversity Office during business hours.

38. In January 2002, Artis received a less than satisfactory rating on her 2002 performance evaluation.

39. On another occasion, Artis was tested on the entire Patrol Guide Book, while others were not subjected to the same treatment.

40. In January 2004, Artis was compelled to take anger management training.

41. In February 2004, Artis was falsely accused of making an arrest she was not involved in.

## COUNT III
### (Action under Title VII Based On Race Discrimination)

42. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41 with the same effect as if herein fully set forth.

43. Artis is a Black American.

44. Artis' supervisors were Caucasian.

45. Artis has been treated less favorably than other employees outside of her protected class.

46. Defendant's unlawful employment practices were committed with deliberate indifference towards the well-being and rights of Plaintiff.

47. The unlawful employment practices complained of herein were done intentionally, with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT IV
### (42 U.S.C.A. § 1981)

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 47 with the same effect as if herein fully set forth.

49. Artis, a Black female, was treated less favorably than other employees outside of her protected class.

## COUNT V
### (Retaliation)

50. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 with the same effect as if herein fully set forth.

51. In fear of losing her job, Artis did not complain about the harassment until after her probationary year.

52. In point of fact, after complaining, Artis was accused of leading men on.

53. Between November 2001 and February 2004, Artis was harassed at work.

54. Artis continued to lodge follow-up complaints.

55. Overtime, Artis received several written reprimands, and a suspension, while others were not disciplined for the same or similar discipline attributed to her.

## COUNT VI
### (Violation of Human Rights Act of the District of Columbia)

56. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 with the same effect as if herein fully set forth.

## COUNT VII
### (Constructive Discharge)

57. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56 with the same effect as if herein fully set forth.

58. From November 2001 to February 2004, Artis was harassed at work.

59. The harassment often occurred in the presence of fellow officers.

60. Directly after her instatement and continuously thereafter, Artis was sexually harassed by her superiors and other employees of Defendant.

61. Artis refused her superior's advances.

62. Artis was subjected to similar advances from other supervisors and employees through February 2004.

63. Defendant knew about the harassment, and did not take action to halt it.

64. The unabated harassment continued until Artis was compelled to involuntarily resign on February 17, 2004.

**WHEREFORE**, Plaintiff, Glenda Artis-Williams, prays this Court to grant the following relief:

A. That this Court grants a permanent injunction, enjoining Defendant, its officers, agents, servants and employees, attorneys and all persons in active concert or participation with them, including their successors and assigns, from engaging in any employment practice which discriminates against individuals based the unlawful practices delineated in this Complaint.

B. That this Court enters an Order commanding the Defendant to carry out policies and programs, which provide equal employment opportunities, and which will eradicate the effects of their past and present unlawful employment practices;

C. That this Court enters judgment in favor of Plaintiff and against the Defendant, for appropriate back wages and front wages, and benefits, with prejudgment interest in amounts it is determined that Plaintiff loss because of Defendant's unlawful conduct.

D. That this Court enters judgment in favor of Plaintiff and against Defendant for compensatory damages in the amount of $1,000,000.00 and punitive damages in the amount of $1,000,000.00.

E. That this Court orders Defendant to reinstate Artis into her former position, or to a position substantially similar to the one that Artis loss, and otherwise make her whole and;

F. That this Court grants Plaintiff attorney's fees and costs in this matter and;

G. That this Court grants such further relief as the Court deems necessary and proper, and in the public interest.

## Demand For Jury Trial

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury for all issues pled herein so triable.

Dated this 2nd day of July 2008.

Respectfully submitted,

**Thomas B. Corbin, P.A.**

/s/ Thomas B. Corbin
Thomas B. Corbin
Maryland Bar No.: 26577
201 North Charles Street
Suite 2202
Baltimore, MD 21201
(410) 685-0400
(410) 685-0707 (Fax)
email: thoscorbin@aol.com

Counsel for Plaintiff

EEOC Form 161 (2/08)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Glenda J. Artis-Williams<br>c/o Thomas Corbin, Esq.<br>201 North Charles Street, Suite 2202<br>Baltimore, MD 21201 | From: | Washington Field Office<br>1801 L Street, N.W., Suite 100<br>Washington, DC 20507 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2005-00092 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter* (signature)     APR 0 8 2008

Enclosures(s)     Dana Hutter,<br>Director     *(Date Mailed)*

cc: Eliza F. Kelly<br>Amtrak<br>60 Massachusetts Avenue, N.E.<br>Washington, DC 20002

EXHIBIT A

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Glenda Artis-Williams

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Thomas B. Corbin, P.A.
201 North Charles Street
Suite 2202
Baltimore, MD 21201

## DEFENDANTS
National Railroad Passenger Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 2000e et. seq.; Employment Discrimination

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 1,000,000.00   Check YES only if demanded in complaint
**JURY DEMAND:** YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** 07/08/2008   **SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.